## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6368 | **DATE** | 2/3/2003 |
| **CASE TITLE** | Randolph vs. IMBS, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due___. Reply to answer brief due ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant's motion to dismiss complaint. The case is therefore dismissed and any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 number of notices | **Document Number** |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | FEB 04 2003 date docketed | 13 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | 2/3/03 date mailed notice | |
| | Copy to judge/magistrate judge. | | |
| MPJ courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JEANETTE RANDOLPH,** )
)
Plaintiff, )
)
v. ) No. 02 C 6368
)
**IMBS, Inc.,** )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeanette Randolph filed a Chapter 7 bankruptcy petition on May 2, 2002. Among the debts listed on Ms. Randolph's bankruptcy petition was a debt allegedly owed to a creditor called PESI Emergency Physicians ("PESI"). Both PESI and defendant IMBS, Inc. ("IMBS"), a debt collector, were notified of the bankruptcy petition.

On July 30, 2002, IMBS sent Ms. Randolph a form debt collection letter seeking payment on the PESI debt. On August 20, 2002, the PESI debt was discharged in bankruptcy, and on September 9, 2002, Ms. Randolph filed the present suit, alleging that IMBS violated the Fair Debt Collection Practices Act ("FDCPA") by sending the collection letter. IMBS has moved to dismiss the claim on the grounds that the Bankruptcy Code precludes a private action under FDCPA. I grant the motion.

There is no question that the collection activity Ms. Randolph complains of was a violation of the automatic stay issued by the

Bankruptcy Court, and that she might have pursued a contempt action in that court. Yet, Ms. Randolph has chosen instead to bring suit under the FDCPA, a federal statute which governs debt collection practices generally. The Seventh Circuit has not specifically ruled on whether FDCPA suits for post-bankruptcy collection activity are allowable, and district court authority in the circuit is strongly divided on the question.

The most informative Seventh Circuit opinion in this area is *Cox v. Zale Delaware Inc.*, 239 F.3d 910 (7th Cir. 2001). There, the plaintiff debtor sought relief in district court for alleged violations of section 524(c) of the Bankruptcy Code, which requires debt reaffirmation agreements to be filed with the Bankruptcy Court in order to be enforceable. The court held that "a suit for violation of section 524(c) can be brought only as a contempt action ... since the debtor would be seeking to enforce the order of discharge issued in that [bankruptcy] proceeding." *Id.* at 917. Thus, the court appeared to express a preference for resolving discharge-related issues in the Bankruptcy Court. However, as the FDCPA is a federal law which appears to independently grant a right of action to debtors who are subjected to inappropriate collection activity, *Cox* does not provide a definitive answer in the instant case.

Since the *Cox* decision was issued, at least two district court judges have permitted FDCPA claims where the plaintiff had an

available remedy in the Bankruptcy Court, reasoning that where two federal laws appear to cover the same ground, it is preferable to give effect to both. *Peeples v. Blatt*, No. 00-7028, 2001 U.S. Dist. LEXIS 11869, at *13 (N.D. Ill. Aug. 14, 2001) (Gottschall, J.); order denying summary judgment, *Hyman v. Tate & Kirlin*, No. 02-242 (N.D. Ill. Nov. 1, 2002) (Kennelly, J.). But I am persuaded by the reasoning of Judge Lefkow in *Bolen v. Bass*, No. 97-3944, 2001 U.S. Dist. LEXIS 16964 (N.D. Ill. Oct. 17, 2002). One goal of the Bankruptcy Code, expressed in *Cox*, is to consolidate related issues in one proceeding. Recognizing a right of action under the FDCPA in cases where the Bankruptcy Court offers an adequate remedy would "interfere with the Bankruptcy Code's comprehensive bankruptcy scheme." *Bolen*, 2001 U.S. Dist. LEXIS 16964 at *15. *See also Wehrheim v. Secrest*, No. 00-1328, 2002 U.S. Dist. LEXIS 19020, at *19 (S.D. Ind. Aug. 16, 2002) (Tinder, J.) (holding that *Cox* precludes private suits under the FDCPA that might be pursued in the Bankruptcy Court).

Defendant's motion to dismiss is GRANTED.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: February 3, 2003